UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONT CLAIRE AT PELICAN MARSH
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.                                            Case No.:  2:19-cv-601-FtM-38MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Joint Motion to Appoint Umpire and to Stay the Proceedings, filed on November 19, 2019. (Doc. 28).

A brief review of the relevant procedural history in this case is instructive. On August 22, 2019, the action was removed to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1). Defendant issued to Plaintiff a commercial residential property insurance policy, which had an effective policy date of June 15, 2017 through June 15, 2018. (Doc. 4 at 3). On or about September 10, 2017, Plaintiff's property located at and about 2315 Mont Claire Drive (et. seq) Naples, Florida 34109 and 2425 Mont Claire Court (et. seq) Naples, Florida, 34109, was damaged by Hurricane Irma. (Doc. 3 at 2). Plaintiff alleges that it timely submitted a claim to the Defendant pursuant to the insurance policy for the alleged damage. (*Id*.). Plaintiff and Defendant disagree as to the amount of loss. (*Id*. at 3). Under the insurance policy, if the parties disagree on the value of the property or amount of loss, either may make a written demand for an appraisal of the loss. (*Id*. at 2). The policy states in the event either party invokes the appraisal process, "each party will select a competent and impartial appraiser. The two appraisers will

select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction." (*Id*.).

According to Plaintiff, on or about June 20, 2019, and again on July 3, 2019, Plaintiff demanded an appraisal as to the amount of loss and named its appraiser, George Keys. (*Id*. at 3). Plaintiff alleges, "despite demand for payment and appraisal for the amount of loss, Insurer has failed or otherwise refuses to discharge its duty to appoint a competent and impartial umpire and engage in an appraisal of the disputed scope and amount of loss." (*Id*.). On August 22, 2019, Defendant filed its Answer and Affirmative and Other Defenses to Plaintiff's Answer [sic] and Petition to Compel Appraisal. (Doc. 4). On November 6, 2019, Defendant filed an Unopposed Motion for Leave to Amend Answer and Affirmative and Other Defenses and Incorporated Memorandum of Law [sic], requesting permission to amend its answer and add an additional defense. (Doc. 25 at 1). On November 11, 2019 the Undersigned granted Defendant's Motion. (Doc. 26). On the same day, Defendant filed a Corrected Amended Answer and Affirmative and Other Defenses to Plaintiff's Complaint and Petition to Compel Appraisal, asserting Plaintiff's appraisal request was premature because of Plaintiff's failure to comply with post-loss duties and requests for documents and information. (Doc. 27 at 2-3).

On November 19, 2019, the parties filed the instant Motion to Appoint Umpire and to Stay the Proceedings. (Doc. 28). The parties state that, "[p]ursuant to a written agreement, the parties have agreed to have the amount of loss determined via appraisal. (*Id*. at 1). Pursuant to that agreement, the parties have each selected an appraiser and agreed to have this Honorable Court appoint a neutral Umpire." (*Id*.). The parties did not provide the Court with the names of any qualified persons in their Motion and this Court does not have a list of qualified persons who are competent to serve as an umpire in the appraisal. Therefore, on December 16, 2019, the

Undersigned entered an Order requiring the parties to provide the Court with a proposed list of qualified umpire candidates for the Court to consider. (Doc. 29). The parties were directed to confer and to jointly propose a qualified person to serve as an umpire in this case, along with the person's curriculum vitae. (*Id*. at 1). If the parties could not agree on a single candidate, the Undersigned directed Plaintiff and Defendant to instead each propose two candidates for consideration and likewise provide the candidates' curriculum vitaes. (*Id*.). It appears the parties could not agree on the selection of an umpire, and pursuant to the Undersigned's Order, the parties submitted their list of candidates for the Court to consider along with the candidates' curriculum vitaes. (Doc. 30; Doc. 30-1; Doc. 30-2; Doc. 31; Doc. 31-1; Doc. 31-2).

      The Undersigned carefully considered the pleadings and the candidates' curriculum vitaes. After carefully reviewing the four candidates' qualifications, the Undersigned finds that Jon W. Doan is highly qualified to serve as an appraisal umpire in this case. Not only does he have 40 years of experience in the industry, he is the former President on the Board of Directors for the WIND Network. (Doc. 31-1).[1] Mr. Doan states that, "over the past 20 years I have presented the WIND Conference Basic and Advanced Umpire Certification classes on behalf of WIND" in many states including Florida. (*Id*.). Mr. Doan also states he has co-authored and presented the "inaugural and all ensuing Appraiser Certification classes in Orlando." (*Id*.). Additionally, Mr. Doan states he has been heavily involved in the appraisal process as an appraisal and umpire since 1985, and in the past 15 years he has "focused on the process strictly as an umpire." (*Id*.). Lastly, Mr. Doan's curriculum vitae indicates he has acted as an umpire in

---

[1] According to the Windstorm Insurance Network's (WIND) website, "Windstorm Insurance Network (WIND) is a professional member association and annual conference founded in 1999 to offer education and industry insight to representatives from all facets of the property/windstorm insurance claims industry."

3

over 1,000 cases and has been qualified as an expert witness in several counties, including Lee County. Therefore, the Undersigned is confident that Mr. Doan has the necessary experience and knowledge to serve as an umpire in this case.

The parties' Joint Motion also requests that the Court stay the case pending the outcome of appraisal. (Doc. 28 at 2). According to the Eleventh Circuit, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665, (1978)). Further, this Court has regularly stayed proceedings pending the completion of the appraisal process. *See, e.g.*, *Evanston Ins. Co. v. Etcetera Etc Inc.*, No. 2:18-cv-103-FtM-99MRM, 2018 WL 3526672, at *5 (M.D. Fla. July 23, 2018); *Cruz v. Geovera Specialty Ins. Co.*, No. 2:18-cv-287-FtM-38MRM, 2019 WL 194252, at *1 (M.D. Fla. Jan. 15, 2019) (adopting the Report and Recommendation recommending the presiding District Court judge stay the litigation pending the completion of appraisal in a insurance dispute regarding property damage as a result of Hurricane Irma). Therefore, the Undersigned finds no reason to deny the parties' request to stay the proceeding pending the completion of appraisal after the Court approves and appoints an umpire.

## CONCLUSION

For the foregoing reasons, the Undersigned respectfully **RECOMMENDS** that the Joint Motion to Appoint Umpire and to Stay the Proceedings (Doc. 28) be **GRANTED** as follows:

1) Jon W. Doan be appointed as a neutral umpire for the appraisal in this case;

2) The action be stayed pending the completion of the appraisal process; and

3) The parties be required to file a joint status report every forty-five days (45) notifying the Court of the status of the appraisal proceeding.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 10, 2020.

_____<br>
MAC R. MCCOY<br>
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties