UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONT CLAIRE AT PELICAN
MARSH CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                                   Case No.:  2:19-cv-601-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Set Aside Invalid Appraisal Award, filed on November 17, 2020.  (Doc. 44).  Plaintiff filed a response in opposition on December 7, 2020.  (Doc. 47).  With leave of the Court, (Doc. 50), Defendant filed a reply in further support of its motion, (Doc. 51).  Similarly, with leave of the Court, (Doc. 43), Plaintiff filed a sur-reply, (Doc. 54).  This matter is ripe for the Court's review.  For the reasons set forth below, the Undersigned recommends that Defendant's Motion to Set Aside Invalid Appraisal Award (Doc. 44) be **DENIED**.

## BACKGROUND

This matter arises from an insurance dispute in which Plaintiff alleges Defendant, its insurance policy issuer, failed to properly compensate Plaintiff after Hurricane Irma damaged its property.  (*See* Doc. 3).  On November 19, 2019, the

parties jointly requested that the Court appoint a neutral umpire for appraisal and to stay the action pending the appraisal process. (Doc. 28). On February 10, 2020, the Court granted the requested relief. (Docs. 32, 33).

On November 3, 2020, the parties notified the Court that the umpire issued an appraisal award that became operative on October 27, 2020, (Doc. 41 at 1), and on November 4, 2020, Defendant filed a Notice of Invalid Appraisal Award in Violation of the Parties' Separate Appraisal Agreement, (Doc. 42). The instant motion followed. (Doc. 44).

## PARTIES' ARGUMENTS

In the motion, Defendant seeks a Court order setting aside the appraisal award pursuant to Fla. Stat. § 682.13, arguing that the appraisal panel exceeded the authority "bestowed upon it by the parties' Appraisal Agreement by failing to fully and accurately complete the agreed-upon Appraisal Award Form in violation of the Appraisal Agreement." (*Id.* at 3). In support, Defendant contends that despite the Appraisal Agreement requiring that the appraisal panel delineate the amount attributed to the Ordinance and Law coverage, the Appraisal Award Form attributed $0.00 to the Ordinance and Law coverage. (*Id.* at 5). Defendant asserts that such a finding is impossible given "the necessary upgrades required by the Florida Building Code." (*Id.*).

By way of example, Defendant points to the award of $3.1 million for window and door repairs and replacements, arguing that such an award "inevitably includes replacement of the non-hurricane impact glass with hurricane impact glass" as

required by the current Florida Building Code. (*Id.* (citation omitted)). Similarly, Defendant argues that the Appraisal Award includes roof replacements, which will require "a complete re-nailing of roof sheathing . . . to comply with the Florida Building Code." (*Id.* at 6). Defendant asserts that this failure is prejudicial because Plaintiff's underlying Insurance Policy requires that "repairs or replacement[s] be made as soon as reasonably possible after the loss or damage, not to exceed two (2) years." (*Id.* (citation omitted)). In sum, Defendant essentially argues that the Appraisal Award is invalid and should be set aside because the appraisal panel exceeded its authority by failing to specify the amount of loss attributable to the Ordinance and Law coverage, in compliance with the Appraisal Agreement. (*Id.* at 6-7).

In its response, Plaintiff makes seven arguments. (Doc. 47 at 3-15). First, Plaintiff challenges the applicability of Fla. Stat. § 682.13, arguing that the Florida Supreme Court has held that Fla. Stat. § 682.13, which is a part of Florida's Arbitration Code, is not applicable to appraisal cases. (*Id.* at 3-4). Accordingly, Plaintiff argues that Defendant's motion is legally deficient and should be denied. (*Id.* at 4).

Second, Plaintiff argues that the award cannot be set aside under Fla. Stat. § 682.13 because the parties never agreed to apply Florida's Arbitration Code to the appraisal proceedings. (*Id.*). In support, Plaintiff argues that neither the Appraisal Agreement nor the Insurance Policy contemplates the use of Florida's Arbitration Code. (*Id.* at 5). Thus, Plaintiff maintains that the clear and unambiguous language

of the Appraisal Agreement and Insurance Policy shows that the parties did not intend for Florida's Appraisal Code to apply and, therefore, the Court cannot now apply it. (*Id.*).

Third, Plaintiff argues that the Appraisal Award cannot be set aside based on Defendant's disagreement with the amount attributed to certain line items "because the determination of the amount of the loss is the exclusive responsibility of the appraisal panel" and the panel fully discharged this duty. (*Id.* at 8 (emphasis omitted)). In support, Plaintiff contends that because the appraisal panel determined the costs attributable to the Ordinance and Law coverage was $0.00, and stated the same on the Appraisal Agreement Form, the appraisal panel properly completed the form. (*Id.* at 8-9). Accordingly, Plaintiff contends that Defendant essentially admits that the appraisal panel specified the amount attributable to the Ordinance and Law coverage and is now objecting to "the amount (or lack thereof) attributed to certain line items." (*Id.* at 9).

Fourth, Plaintiff asserts that the appraisal panel did not exceed its power because the appraisal panel discharged its duty to determine the amount of the loss. (*Id.* at 10-11).

Fifth, Plaintiff contends that Defendant's arguments related to the two-year limitation period are moot because Defendant waived its right to enforce the two-year limitation. (*Id.* at 11). In support, Plaintiff argues that Defendant's conduct waived the two-year limitation clause because (1) Defendant did not make a determination of loss and payment to Plaintiff until nearly a year after Plaintiff

reported the claim and (2) Defendant did not notify Plaintiff of Defendant's intent to rely on the two-year limitation until four days before its expiration.  (*Id.* at 12-13).

Sixth, Plaintiff argues that "[t]he Appraisal Award cannot be set aside because it is binding and enforceable."  (*Id.* at 13 (emphasis omitted)).  In support, Plaintiff argues that the appraisal clause in the Insurance Policy states that "a decision on the amount of the loss agreed to by any two members of the three member appraisal panel will be binding."  (*Id.*).  Additionally, Plaintiff maintains that the enforceability of the Appraisal Award is evinced by a clause in the Appraisal Agreement: "[Defendant] agrees to pay the award within thirty (30) days of the issuance of such award, and any such payment shall be issued subject to the terms and conditions of the policy."  (*Id.* at 13-14).

Seventh, Plaintiff asserts that if the Court finds the Appraisal Award deficient, it should modify the Award rather than set it aside.  (*Id.* at 14).  In support, Plaintiff contends that invalidating the entire Award would delay Plaintiff's recovery and double the cost of appraisal.  (*Id.*).

In its reply, Defendant argues that its reliance on Fla. Stat. § 682.13 is proper because its use is limited to presenting the grounds for vacating the Appraisal Award, consistent with Florida and federal case law.  (Doc. 51 at 3 (citations omitted)).  Additionally, Defendant contends that the Court may consider extrinsic evidence to determine that the amount attributed to the Ordinance and Law coverage are impossible because Defendant is seeking not to apply a policy limitation but to set aside the Award for the panel's failure to comply with the Appraisal Agreement.  (*Id.*

at 4).  Defendant notes that it is not asking the Court to determine the amount
attributable to the Ordinance and Law coverage but only requesting that the Court
set aside the Award based upon a finding that the amount cannot be $0.00.  (*Id.* at 4-
5).

In its sur-reply, Plaintiff makes six arguments.  (Doc. 54 at 1-5).  First, Plaintiff
reasserts its position that Florida's Arbitration Code does not apply to appraisal and,
therefore, Fla. Stat. § 682.13 should not be used to challenge the Appraisal Award.
(*Id.* at 1-2).  Second, Plaintiff contends that if Fla. Stat. § 682.13 applies, it does not
require the Award to be set aside because the appraisal panel did not "decide[] an
issue not pertinent to the resolution of the issue submitted to [appraisal]."  (*Id.* at 2-3
(emphasis and quotation omitted) (alterations in original)).  Rather, Plaintiff
maintains that the appraisal panel did exactly what they were supposed to do—*i.e.*,
"determine the amount of loss, including amounts for ordinance or law."  (*Id.* at 3
(emphasis omitted)).  As its third, fourth, and fifth arguments, Plaintiff essentially
argues that the Court is without power to consider extrinsic evidence to determine
whether the award amounts are incorrect.  (*See id.* at 3-4).  In support, Plaintiff notes
that Defendant cites no legal authority in support of the argument that the Court can
consider extrinsic evidence to determine whether the award amounts are accurate.
(*Id.* at 3).  Moreover, Plaintiff argues that case law prohibits the Court from
considering extrinsic evidence.  (*Id.* at 3-4).  Finally, Plaintiff appears to argue that
not only is Defendant's request for the Court to reconsider the amount of damage

improper, Defendant's position that the amount attributable to the Ordinance and Law coverage cannot be $0.00 is also entirely speculative.  (*Id.* at 4-5).

With these arguments in mind, the Undersigned turns to the analysis. Because the parties disagree on whether Fla. Stat. § 682.13 applies, the Undersigned begins by addressing the statute's applicability.

## I.  Whether Fla. Stat. § 682.13 Applies to Appraisal Awards.

A federal court sitting in diversity applies the substantive law of the forum state – in this case, Florida.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 76 (1938). "Section 682.13 of the Florida Statutes provides the grounds for vacating arbitration awards, but Florida state courts and [federal courts] have held that it also provides the grounds for vacating insurance appraisal awards."  *See Villas at the Hammocks v. Empire Indem. Ins. Co.*, No. 11-20470-CV-UNGARO, 2011 WL 13223726, at *2 (S.D. Fla. Apr. 5, 2011).  As discussed above, however, Plaintiff disputes the applicability of Fla. Stat. § 682.13.  For the reasons explained below, the Undersigned finds the statute applies.

Although the Florida Supreme Court has held that when a party invokes a policy's appraisal provision, the appraisal proceedings should be conducted in accordance with the policy provisions rather than Florida's Arbitration Code, *Allstate Ins. Co. v. Suarez*, 833 So. 2d 762 (Fla. 2002), this Court has found that *Allstate Ins. Co. v. Suarez* did not "modify existing Florida law on confirmation of appraisal awards," *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 250 F. Supp. 2d 1357, 1361

(M.D. Fla. 2003), *aff'd,* 362 F.3d 1317 (11th Cir. 2004).  Rather, the Court noted that "[t]he Florida Supreme Court held that the appraisal clause in [*Suarez*] . . . was not ambiguous and did not require the formal procedures of Florida's Arbitration Code to reach a binding award," but the Florida Supreme Court, nonetheless, confirmed the appraisal award.  *Id.* (citing *Suarez*, 833 So. 2d at 766).  Accordingly, the Court applied Florida's Arbitration Code to determine that the award was confirmable, finding that "[t]here has been no change in law with *Suarez*, and Florida courts have repeatedly recognized confirmation of appraisal awards under the procedure contained in Florida's Arbitration Code."  *See id.* at 1362-63.  Since the Court's holding in *Three Palms Pointe, Inc. v. State Farm Fire & Casualty Company*, federal courts have continued to use Florida's Arbitration Code when determining whether to confirm appraisal awards.  *See, e.g.*, *Muckenfuss v. Hanover Ins. Co.*, No. 5:05-cv-261-Oc-10GRJ, 2007 WL 1174098, at *2 (M.D. Fla. Apr. 18, 2007) (relying on *Three Palms Pointe, Inc.* to find that a plaintiff may move under Florida's Arbitration Code to confirm the appraisal award).

Citing *Three Palms Pointe, Inc.*, at least one jurist in the Southern District of Florida has found that "[t]he confirmation process necessarily includes any correction, modification or vacatur of an award."  *A.L. Gary & Assocs., Inc. v. Travelers Indem. Co. of Connecticut*, No. 08-60636-CIV, 2008 WL 11333729, at *6 (S.D. Fla. Aug. 27, 2008).  Accordingly, the Court considered, *inter alia*, Florida's Arbitration Code to find the appraisal award invalid.  *See id.*  Additionally, although the parties

in the case did not raise the issue of whether Florida's Arbitration Code applies, this Court has recently used Fla. Stat. § 682.13 to determine whether to set aside an appraisal award. *See, e.g.*, *Marlowe v. Ironshore Specialty Ins. Co.*, No. 2:18-cv-245-FtM-38MRM, 2020 WL 736628, at *2 (M.D. Fla. Jan. 29, 2020), *report and recommendation adopted,* No. 2:18-cv-245-FtM-38MRM, 2020 WL 736000 (M.D. Fla. Feb. 13, 2020).

In light of jurists within the Eleventh Circuit continuing to apply Fla. Stat. § 682.13 to motions to confirm or set aside appraisal awards and the Eleventh Circuit's affirmance of the district court's decision in *Three Palms Pointe, Inc. v. State Farm Fire & Casualty Company*, which specifically found that Florida's Arbitration Code applied to motions to confirm appraisal awards, the Undersigned finds that Florida's Arbitration Code applies to motions to set aside invalid appraisal awards.

## II.     Whether the Appraisal Award Is Invalid.

Having determined that Fla. Stat. § 682.13 governs the instant motion, the Undersigned turns to the merits of the motion itself.

### A.     Legal Standard

Section 682.13(1) sets forth the following grounds for vacating an award:

> (a)     The award was procured by corruption, fraud, or other undue means;

> (b)     There was:

>> 1.     Evident partiality by an arbitrator appointed as a neutral arbitrator;

>> 2.     Corruption by an arbitrator; or

> 3.    Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (c)    An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to hear evidence material to the controversy, or otherwise conducted the hearing contrary to s. 682.06, so as to prejudice substantially the rights of a party to the arbitration proceeding;
>
> (d)    An arbitrator exceeded the arbitrator's powers;
>
> (e)    There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under s. 682.06(3) not later than the beginning of the arbitration hearing; or
>
> (f)    The arbitration was conducted without proper notice of the initiation of an arbitration as required in s. 682.032 so as to prejudice substantially the rights of a party to the arbitration proceeding.

Fla. Stat. § 682.13(1); *see also Marlowe v. Ironshore Specialty Ins. Co.*, No. 2:18-cv-245-FtM-38MRM, 2020 WL 736628, at *2 (M.D. Fla. Jan. 29, 2020), *report and recommendation adopted*, No. 2:18-cv-245-FtM-38MRM, 2020 WL 736000 (M.D. Fla. Feb. 13, 2020) (quotation omitted).  In the absence of one of the above reasons, "a court may not vacate the award."  *Id*. (quoting *Villas at the Hammocks v. Empire Indem. Ins. Co.*, No. 11-20470-CV-UNGARO, 2011 WL 13223726, at *2 (S.D. Fla. Apr. 5, 2011)).

## B.    Analysis

Defendant asserts only one ground for the Court to find the award invalid: that the appraisal panel exceeded its authority in the appraisal process by failing to

enumerate the costs attributable to the Ordinance and Law coverage.  (Doc. 44 at 5-10).  Inasmuch, Defendant asks the Court to vacate the Appraisal Award under Fla. Stat. § 682.13(d).  (*Id.*).

Florida's Supreme Court has explained that an arbitration panel exceeds its power when it "goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration." *Schnurmacher Holding, Inc. v. Noreiga*, 542 So. 2d 1327, 1328 (Fla. 1989).  The claim that an arbitration panel exceeds its powers "is jurisdictional in nature and is in reference to the scope of authority given to the arbitrator in the arbitration agreement." *Visiting Nurse Ass'n of Fla., Inc. v. Jupiter Med. Ctr., Inc.*, 154 So. 3d 1115, 1137 (Fla. 2014).  Because the Undersigned finds that Florida's Arbitration Code applies, the Undersigned likewise applies the Florida Supreme Court's interpretation of the Code, as articulated in arbitration cases.

The pertinent question, then, is from where does the panel get its authority? "Once a trial court has determined that the appraisal provisions of a contract of insurance have been properly invoked," as this Court did, (*see* Docs. 32, 33), "further proceedings should be conducted in accord with those provisions." *Allstate Ins. Co. v. Suarez*, 833 So. 2d 762, 765 (Fla. 2002).  Accordingly, the Undersigned considers the appraisal provisions of the Insurance Policy and the Appraisal Agreement.

Plaintiff's Insurance Policy, in relevant part, reads:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a

competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. **The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.**  Each party will:

a.      Pay its chosen appraiser; and

b.      Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

(Doc. 44-1 at 39 (emphasis added)).  Thus, from this, it is clear the panel has the express power to determine the amount of loss.

Turning next to the Appraisal Agreement, filed under seal, the parties explicitly agreed that the "[a]mounts under the ordinance or law coverage shall be separately stated with a separate total for this coverage on the Appraisal Award Form attached as Exhibit A."  (Doc. 59 at 2).  Thus, the appraisal panel was obligated to determine the amount attributed to the Ordinance and Law coverage, if any.

Upon review of the Appraisal Award, nothing on the face of the Appraisal Award suggests that the appraisal panel did not act in accordance with the appraisal provisions of the Insurance Policy or the Appraisal Agreement.  (*See* Doc. 44-5).  Rather, it appears that the appraisal panel carried out its obligations under both the Insurance Policy and the Appraisal Agreement.  (*See id.*).  Specifically, the Appraisal

Award sets forth the Recoverable Cash Value ("RCV"), Depreciation of the property, and the Actual Cash Value ("ACV"), separately delineating between the various repairs.  (*See generally id.*).  Similarly, the Appraisal Award specifies that $0.00 is attributable to the Ordinance and Law coverage.  (*Id.*).  Accordingly, on the face of the Appraisal Award, it seems that the appraisal panel did precisely what it was asked—*i.e.*, it determined the amount of loss and separately stated the amount attributable the Ordinance and Law coverage on the Appraisal Award Form.  Because the panel decided only issues related to the resolution of the issues submitted for appraisal – the amount of the loss attributable to each line item – the Undersigned finds that the appraisal panel did not exceed its authority.  *See Schnurmacher Holding, Inc. v. Noreiga*, 542 So. 2d 1327, 1328 (Fla. 1989).

The mere fact that the panel determined that no amount was attributable to the Ordinance and Law coverage does not equate to a decision beyond what is pertinent to the resolution of the issues submitted to appraisal.  Indeed, the power to determine the amount of the loss was within the power of the appraisal panel under both the Insurance Policy and the Appraisal Agreement, and, while the Appraisal Agreement required the appraisal panel to separately state any amount attributable to the Ordinance and Law coverage, it did not require that that the panel reach a threshold value.  (*See* Doc. 44-1 at 39; Doc. 59 at 2).  Thus, because the panel did precisely what was asked, the Undersigned cannot find that the panel "decide[d] an issue not pertinent to the resolution of the issue submitted to [appraisal]" simply

because Defendant disagrees with the outcome.  *See Schnurmacher Holding, Inc.*, 542 So. 2d at 1328.

Additionally, to the extent Defendant argues that it is "impossible" for $0.00 to be attributable to the Ordinance and Law coverage, the Undersigned finds that such a determination is beyond the Court's authority.  The law is clear in that the Court may not substitute its judgment for that of the panel.  Rather, the amount of loss is a question for the appraisal panel.  *Fouladi v. GeoVera Specialty Ins. Co.*, No. 6:18-cv-326-Orl-40KRS, 2018 WL 3761039, at *4 (M.D. Fla. Apr. 30, 2018), *report and recommendation adopted,* No. 6:18-cv-326-Orl-40KRS, 2018 WL 3758315 (M.D. Fla. May 24, 2018).  Similarly, courts "do not review findings of fact contained in an arbitration award or attempt to substitute their judgment for that of the arbitrator." *Commc'n Workers of Am. v. Indian River Cty. Sch. Bd.*, 888 So. 2d 96, 99 (Fla. 4th DCA 2004).  Because the appraisal panel determined the amount attributable to the Ordinance and Law coverage, the Court cannot substitute its judgment for that of the panel.  *See Commc'n Workers of Am.*, 888 So. 2d at 99.  Accordingly, the Undersigned finds that a determination of the accuracy of the award is beyond the authority of the Court.

Moreover, even if the Court were to find that the appraisal panel erred in attributing $0.00 to the Ordinance and Law coverage, such an error would not exceed the panel's authority.  Rather, the Florida Supreme Court has specified that an arbitrator did not exceed the authority when the arbitrator made "mere errors of judgment either as to the law or as to the facts."  *Schnurmacher*, 542 So. 3d at 1328.

14

Similarly, the Florida Supreme Court has found that "section 682.13(1)([d]), Florida Statutes . . . does not encompass misinterpretations of contractual provisions." *Visiting Nurse Ass'n of Fla., Inc. v. Jupiter Med. Ctr., Inc.*, 154 So. 3d 1115, 1136 (Fla. 2014).  Thus, if the amount were incorrect, be it because the panel erred in judgment or because the panel misinterpreted the Appraisal Agreement, the Undersigned finds that the panel did not exceed its authority because it did as it was tasked—*i.e.*, it determined the amount of loss and separately specified the amount attributable to the Ordinance and Law coverage.

For these reasons, the Undersigned finds the panel did not exceed its authority because it did not "decide[] an issue not pertinent to the resolution of the issue submitted to [appraisal]."  *See Schnurmacher Holding, Inc. v. Noreiga*, 542 So. 2d 1327, 1328 (Fla. 1989).  Accordingly, the Undersigned finds no reason to set aside the Appraisal Award.  Indeed, Defendant made no attempt to articulate any other reason for which the Award should be set aside.  As a result, because the Undersigned finds that the panel did not exceed its authority, the Undersigned recommends that Defendant's motion be denied.

As a final matter, Plaintiff requests in the alternative that the Court modify the Award rather than set it aside.  (Doc. 47 at 14).  In support, Plaintiff argues that the invalidation of the entire Award would delay Plaintiff's recovery and double the cost of the appraisal.  (*Id.*).  The Undersigned finds any request for modification moot in light of the Undersigned's conclusion that the Appraisal Award is not invalid and that the appraisal panel properly discharged its duty to determine the amount of the

15

loss, including specifying the amount attributable to the Ordinance and Law coverage. If the presiding United States District Judge disagrees with the Undersigned's conclusions, however, then Plaintiff's request for alternative relief may need to be addressed. Unfortunately, Plaintiff provides no citation to legal authority to support this request, offers no meaningful analysis of the issue, and makes no specific argument as to how the award should be modified. (*See id.*). Likewise, Defendant did not address this request in its reply. (*See* Doc. 51). The parties' positions on this issue are, therefore, not adequately developed or briefed.

Notably, Florida's Arbitration Code permits modification or correction of an award under certain circumstances:

(1) Upon motion made within 90 days after the movant receives notice of the award pursuant to s. 682.09 or within 90 days after the movant receives notice of a modified or corrected award pursuant to s. 682.10, the court shall modify or correct the award if:

(a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award.

(b) The arbitrators have awarded upon a matter not submitted in the arbitration and the award may be corrected without affecting the merits of the decision upon the issues submitted.

(c) The award is imperfect as a matter of form, not affecting the merits of the controversy.

(2) If the motion is granted, the court shall modify and correct the award and confirm the award as so modified and corrected. Otherwise, unless a motion

> to vacate the award under s. 682.13 is pending, the
> court shall confirm the award as made.
>
> (3)    A motion to modify or correct an award may be
>        joined in the alternative with a motion to vacate the
>        award under s. 682.13.

Fla. Stat. § 682.14.

Because Plaintiff provides no meaningful analysis in support of its argument, (*see* Doc. 47 at 14), and Defendant does not address the request, (*see* Doc. 51), the Undersigned finds that the issue has not been sufficiently briefed such that the Court can determine whether modification would be an adequate alternative remedy.  If the District Judge disagrees with the Undersigned's recommendations on the primary issues, the District Judge may recommit this matter to the Undersigned for further consideration of Plaintiff's alternative request to modify the award.

At this time, however, the Undersigned finds no reason to set aside or to modify the Appraisal Award because the appraisal panel did not exceed its authority and Defendant made no attempt to articulate any other reason for which the Award should be set aside.  Thus, the Undersigned recommends that Defendant's motion be denied.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion to Set Aside Invalid Appraisal Award (Doc. 44) be **DENIED**.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida

on May 24, 2021.

Mac R. McCoy
United States Magistrate Judge


## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the

Report and Recommendation's factual findings and legal conclusions.  A party's

failure to file written objections waives that party's right to challenge on appeal any

unobjected-to factual finding or legal conclusion the district judge adopts from the

Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to

an objection may do so in writing fourteen days from the filing date of the objection.

The parties are warned that the Court will not extend these deadlines.  To expedite

resolution, the parties may also file a joint notice waiving the fourteen-day objection

period.


Copies furnished to:

Counsel of Record
Unrepresented Parties