UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONT CLAIRE AT PELICAN
MARSH CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                                     Case No: 2:19-cv-601-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation. (Doc. 60). Judge McCoy recommends denying Defendant Empire Indemnity Insurance Company's Motion to Set Aside Invalid Appraisal Award. Empire objects to the Report and Recommendation (Doc. 61), to which Plaintiff Mont Claire at Pelican Marsh Condominium Association, Inc. responds (Doc. 62). For the reasons below, the Court accepts and adopts the Report and Recommendation.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

This case is an insurance dispute. Mont Claire sues Empire because Empire won't pay Mont Claire for property damage per their insurance contract. The Court appointed a neutral umpire for appraisal and stayed the case pending the appraisal process. After about eight months, the Appraisal Panel issued its appraisal award. (Doc. 44-5). An unhappy Empire quickly moved to set aside the award as invalid. (Doc. 44). Empire argues the Panel did not "fully and accurately" complete the agreed-upon appraisal award form and thus exceeded its authority under the Appraisal Agreement. (Doc. 44 at 3). According to Empire, the Panel wrongly found "$0.00" for ordinance and law coverage because the Florida's Building Code mandates certain upgrades.

After considering the record, applicable law, and parties' papers,[2] Judge McCoy issued an eighteen-page Report and Recommendation that denied setting aside the appraisal award. (Doc. 60). Applying Fla. Stat. § 682.13, he found the Panel had the power to decide the loss and did just that by attributing $0.00 to ordinance and law coverage. He stated, "[t]he mere fact that the panel determine that no amount was attributable to the Ordinance and Law coverage does not equate to a decision beyond what is pertinent to the resolution of the issues submitted to appraisal." (Doc. 60 at 13). From there,

---

[2] Empire filed a motion and reply. (Doc. 44; Doc. 51). Mont Claire filed a response and sur-reply. (Doc. 48; Doc. 54).

2

Judge McCoy noted the Panel—and not the Court—decides the amount of loss. (Doc. 60 at 14). Empire objects to these findings and asks the Court to reject the Report and Recommendation.

## LEGAL STANDARD

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). Without a specific objection, the judge need not review factual findings de novo. 28 U.S.C. § 636(b)(1); *see also Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir. 1993). But the court reviews legal conclusions de novo, even without an objection. *Cooper-Houston v. S. Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

After examining the record de novo and independently considering the parties' papers, the Court accepts and adopts the Report and Recommendation over Empire's objections. The Report and Recommendation is thorough, well-reasoned, and consistent with applicable law. Even so, the Court will address Empire's two specific objections.

First, Empire reargues the award is invalid because the Panel exceeded its authority when it did not "list meaningful and accurate amounts for ordinance or law coverage" on the award form. (Doc. 61 at 4-5). The Court disagrees.

Under Fla. Stat. § 682.13(d), a court can vacate an appraisal award if the panel exceeds its authority. A panel does so when it "goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to [appraisal]." *Schnurmacher Holding, Inc. v. Noriega*, 542 So. 2d 1327, 1329 (Fla. 1989) (citations omitted).

Here, the Panel decided matters relevant to resolving the parties' appraisal dispute. The Appraisal Agreement required the Panel to separately state the amount attributable to the ordinance and law coverage on the appraisal award form. (Doc. 59 at 2). And that's what it did. Nothing more. Nothing less. It found $0.00 for the ordinance and law coverage amount(s). If Empire finds the figure to be wanting, then it raises a factual issue separate from whether the Panel exceeded its authority under the Appraisal Agreement. And the Court need only examine how the Panel used its authority. In short, because the record reflects the Panel decided only issues asked of it (i.e., the amount loss attributable to each line item on the appraisal award form), the Court overrules Empire's first objection.

Empire's second objection fares no better. According to Empire, the Panel breached its duties by listing "*an* amount" attributable to ordinance and law coverage, not "*the* amount." (Doc. 61 at 5-6 (emphasis added)). But the difference between "*an* amount" and "*the* amount" is factual, so the objection is

4

factual. And imposing a standard that allows awards to be vacated because *an* amount (not *the* amount) was listed would come with its own problems. For instance, it may render appraisal awards impotent by subjecting them to review for even a one-cent dispute in valuation. Such a result would be far from appraisals' intended purpose: enforceability and finality. So even if the Panel erred in attributing $0.00 to the ordinance and law coverage, this alone would not be grounds to set aside the award. At bottom, the Panel did not exceed its authority by listing "*an* amount" rather than "*the* amount" attributable to ordinance and law coverage.

In conclusion, Empire has not shown the Panel exceeded its powers under Florida law, and it has alleged no other grounds to set aside the award. The Court thus accepts, adopts, and incorporates the Report and Report and Recommendation. Empire's objections are overruled, and Mont Claire's alternative request for modification is denied as moot.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 60) is **ACCEPTED AND ADOPTED** and the findings are incorporated here.

2. Defendant Empire Indemnity Insurance Company's Motion to Set Aside Invalid Appraisal Award (Doc. 44) is **DENIED**.

3. On or before **August 12, 2021**, the parties must jointly notify the Court of (a) what issue(s), if any, remain for the Court; and (b) how this action should proceed, if at all, from here.

**DONE** and **ORDERED** in Fort Myers, Florida this on July 29, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record