IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONT CLAIRE AT PELICAN MARSH
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

                                                          Case No.: 2:19-cv-601-FtM-38MRM

EMPIRE INDEMNITY INSURANCE
COMPANY, a foreign profit corporation,

    Defendant.
_____/

**PLAINTIFF'S REPLY TO "DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO CONFIRM APPRAISAL AWARD"**

    Plaintiff files this Reply, and further states:

**I.    Defendant's "Statement of Undisputed Facts" Contains Inaccuracies, Omits Material Facts, and Includes Matters of Speculation, Inadmissible Evidence, and Legal Arguments that are Inconsistent with Florida Law**

    1.    In paragraph 1 of Defendant's "Undisputed Facts," Defendant suggests that Plaintiff's damage was "clearly below the deductible." Defendant later determined Plaintiff's damages were $68,362.00. It has since been determined via the appraisal award in the amount of $8,171,994.86 (RCV)/$6,599,810.67 (ACV) that the amount of loss determined by Defendant was grossly underestimated; as to RCV, Defendant's pre-appraisal estimate was approximately <u>119 times less than the amount determined in appraisal</u>. Despite this outrageous disparity, Defendant now brazenly seeks to engage in discovery to determine if Plaintiff submitted an "inflated" estimate (which was only 2 times higher than the appraisal award as to

RCV).[1] This is just a snapshot of the absurd positions Defendant continues to take to avoid paying the award, which was issued 373 days ago.

2. In paragraph 2, Defendant wrongly suggests Plaintiff's claim was "reopened." Plaintiff has one claim from one covered event (Hurricane Irma) which should have never been closed. Defendant also falsely suggests Plaintiff did not provide documentation to support its claim.

3. In paragraph 3, Defendant **deceptively** suggests it requested an inspection and Plaintiff ignored the request and filed suit. **Defendant fails to disclose that before Defendant made the request, Plaintiff had already filed suit.**

4. **Defendant completely fails to disclose that the parties entered into an appraisal agreement whereby Defendant agreed to proceed with appraisal.**

5. In paragraph 6, Defendant wrongly claims there are "coverage issues and problems" in the award that "distort the actual cash value calculation." Defendant attempts to support its allegations by attaching an affidavit of Kevin Bryant, who claims to be a consultant/analyst. Throughout Mr. Bryant's affidavit and report, he **speculates** about the perceived issues in the award by impermissibly looking behind the award (and he does so (inconsistent with Florida law) without any guidance from all members of the appraisal panel). For example, he **speculates** in paragraph 5(e) of his affidavit that the exterior paint and stucco in the award is for matching issues not related to direct damage. As such, Defendant argues those damages are not recoverable until the work is done.

---

[1] See Affidavit of Defendant's counsel at p. 3.

Defendant's arguments and the speculative opinions of Mr. Bryant are improper, and inadmissible pursuant to First Protective Ins. Co. v. Hess, 81 So. 3d 482 (Fla. 1st DCA 2011), which held that **"a trial court may not look beyond the face of an appraisal award and consider extrinsic evidence to determine the basis for the award."[2]** They are also irrelevant because **the determination of the amount of loss is the exclusive responsibility of the panel[3] and that determination cannot be invalidated because Defendant and Mr. Bryant disagree with it.** Because the panel set the amount of loss, Defendant cannot have Mr. Bryant re-write the award (as he has attempted to do) as that would impermissibly re-write the policy and Florida law. As this Court has held **"the Court may not substitute its judgment for that of the panel" . . . "[r]ather, the amount of loss is a question for the appraisal panel" . . . and, "a determination of the accuracy of the award is beyond the authority of the Court."[4]**

**It is important to note that despite the fact that the Defendant's own consultant (Mr. Bryant) has determined Defendant owes no less than $3,690,195.16 to Plaintiff, Defendant has not yet paid one cent of the award!**

6. In paragraph 7, Defendant ignores this Court's previous rulings

---

[2] It also held "[a] trial court is not permitted to consider extrinsic evidence in applying policy limitations to an appraisal award." Id. Hess explained that if it had attempted to apply certain limitations in the policy using extrinsic evidence, it would have been doing so without the direct guidance from the panel. The court noted that this is prohibited because "the appraisers are charged with determining the value of the lost property." Id.

[3] See Sunshine State Ins. Co. v. Rawlins, 34 So. 3d 753 (Fla. 3d DCA 2010)(holding "the amount of loss question is for an appraisal panel.").

[4] See Mont Claire at Pelican Marsh Condo. Ass'n v. Empire Indem. Ins. Co., No. 2:19-cv-601-SPC-MRM, 2021 U.S. Dist. LEXIS 142298, at *17 (M.D. Fla. May 24, 2021), report and recommendation adopted, No. 2:19-cv-601-SPC-MRM, 2021 U.S. Dist. LEXIS 141563 (M.D. Fla. July 29, 2021).

(Docs. 60 and 63)[5] and again argues that the award includes costs for ordinance or law (which the panel determined to be $0.00). Defendant's arguments are without merit and they are inconsistent with Mr. Bryant's affidavit and report wherein he admits he cannot determine if costs for ordinance or law exist in the award.

7. In paragraph 8, Defendant argues that the "general conditions" included in the award should be depreciated. Those items include permits, taxes, fees, logistics, supervision, and final cleanup. Defendant provides no legal authority whatsoever to support how or why permits, taxes or fees should be depreciated (and the policy provides no relevant definitions or guidance). And, in the pre-appraisal estimate that Defendant used when it determined the loss was under the deductible, a line item for taxes was included and no depreciation was applied. See Exhibit "A." And, in the 20 pre-appraisal estimates Defendant used to make its payment on this claim, Defendant applied absolutely no depreciation to any items! See Composite Exhibit "B." This is just another example of the double-standards Defendant attempts to unfairly use against its own customer.

As to the remaining categories, insight can again be gathered from Defendant's first estimate, whereby it attributed no depreciation to a line item for "cleaning." Moreover, there are many other items in Defendant's original estimate that don't contain depreciation, and no depreciation is applied at all in Defendant's second set of estimates. Again, the amount of loss is for the panel to decide.

8. In paragraph 9, despite the fact that there is depreciation applied to

---

[5] Id.

costs associated with the roof in the award, Defendant and its consultant/analyst **speculate** that there was no depreciation applied to the labor component of such costs. This is pure speculation and should be disregarded as it would require an inquiry behind the face of the award, which is not permitted under Florida law.[6]

9. In paragraph 10, Defendant argues that the "expert expense" amounts at the end of the award should not be included in an ACV payment or confirmation of the award. This is a non-issue as the award itself notes that these expenses were not included in the ACV/RCV totals.

10. In paragraph 11, Defendant suggests the amount contained in the award was incorrect and improper. Plaintiff disagrees. It is not for Defendant to determine the amount of loss in appraisal; rather, that is for the panel.

## II. Appraisal Awards Can Be Confirmed

Defendant suggests that Florida law does not permit appraisal awards to be confirmed and cites to cases from the Third and the Fourth District Courts of Appeal for support. However, cases from the First and Second District Courts of Appeal allow for appraisal awards to be confirmed.[7] Moreover, this Honorable Court previously held that appraisal awards can be confirmed when it stated[8]:

---

[6] See First Protective Ins. Co. v. Hess, 81 So. 3d 482 (Fla. 1st DCA 2011).

[7] See First Protective Ins. Co. v. Hess, 81 So. 3d 482 (Fla. 1st DCA 2011)(affirming a trial court's confirmation of an appraisal award); Gena v. Fla. Ins. Guar. Ass'n, 85 So. 3d 1143 (Fla. 1st DCA 2012)(affirming a trial court's order confirming an appraisal award); Wilson v. Federated Nat'l Ins. Co., 969 So. 2d 1133, 1134 (Fla. 2d DCA 2007)(finding that the trial court abused its discretion by denying the plaintiff's motion to confirm the appraisal award and enter final judgment, and remanding with directions that the trial court confirm the appraisal award and enter final judgment thereon); First Floridian Auto & Home Ins. Co. v. Myrick, 969 So. 2d 1121, 1125 (Fla. 2d DCA 2007)(affirming final judgment based on confirmation of an appraisal award).

[8] See Mont Claire at Pelican Marsh Condo. Ass'n v. Empire Indem. Ins. Co., No. 2:19-cv-601-SPC-MRM, 2021 U.S. Dist. LEXIS 142298, at *17 (M.D. Fla. May 24, 2021), report and recommendation adopted, No. 2:19-cv-601-SPC-MRM, 2021 U.S. Dist. LEXIS 141563 (M.D. Fla. July 29, 2021).

> Although the Florida Supreme Court has held that when a party invokes a policy's appraisal provision, the appraisal proceedings should be conducted in accordance with the policy provisions rather than Florida's Arbitration Code, <u>Allstate Ins. Co. v. Suarez</u>, 833 So. 2d 762 (Fla. 2002), this Court has found that *Allstate Ins. Co. v. Suarez* did not "modify existing Florida law on confirmation of appraisal awards," <u>Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.</u>, 250 F. Supp. 2d 1357, 1361 (M.D. Fla. 2003), *aff'd*, 362 F.3d 1317 (11th Cir. 2004).

And, this Court is not alone as the Federal District Courts in Florida have, and continue, to confirm appraisal awards.[9]

### a. Defendant Confuses the Two Holdings in <u>Three Palms</u> to Wrongly Suggest that Confirmation of an Appraisal Award is Improper

Defendant suggests that the opinion in <u>Three Palms</u>, supporting confirmation of an appraisal award, is no longer viable. However, Defendant confuses the holding of the District Court[10] with that of the holding from the Court of Appeals,[11] the latter of which did not address the issue of confirmation. In doing so, Defendant cites to <u>Liberty Am. Ins. Co. v. Kennedy</u>, 890 So. 2d 539 (Fla. 2d DCA 2005), which disagrees with the holding in <u>Three Palms</u> at the Eleventh Circuit level, however, it does not address or mention the issue of confirmation of awards.

Defendant also cites to <u>Fla. Gaming Corp. v. Affiliated FM Ins. Co.</u>, No. 07-

---

[9] See <u>Pelican Pointe of Sebastian II Condo. Ass'n v. Empire Indem. Ins. Co.</u>, No. 05-14142-CIV-MARTINEZ-LYNCH, 2007 U.S. Dist. LEXIS 104674 (S.D. Fla. Aug. 7, 2007); <u>Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.</u>, No. 2:07-cv-16-FtM-99SPC, 2008 U.S. Dist. LEXIS 68909 (M.D. Fla. Sep. 10, 2008); <u>Sec. Gulfstream Garden Condo. v. QBE Ins. Corp.</u>, No. 06-61896-CIV-MARTINEZ-BROWN, 2009 U.S. Dist. LEXIS 144976 (S.D. Fla. Apr. 30, 2009); <u>Nationwide Mut. Fire Ins. Co. v. Francisco</u>, No. 2:08-CV-277-FtM-36SPC, 2010 U.S. Dist. LEXIS 149378 (M.D. Fla. Mar. 30, 2010); <u>Sands on the Ocean Condo. Ass'n v. QBE Ins. Corp.</u>, No. 05-14362-CIV-MARRA, 2012 U.S. Dist. LEXIS 177380 (S.D. Fla. Dec. 13, 2012); <u>Charlevoix Equity Partners Intl., Inc. v. AIG Prop. Cas. Co.</u>, No. 16-24764-Civ-Scola, 2018 U.S. Dist. LEXIS 135238 (S.D. Fla. Aug. 10, 2018); <u>Guzman v. Am. Sec. Ins. Co.</u>, No. 18-cv-61195-BLOOM/Valle, 377 F. Supp. 3d 1362 (S.D. Fla. 2019); and <u>Almeria Park Condo. Ass'n v. Empire Indem. Ins. Co.</u>, No. 18-20609-CIV-ALTONAGA/Goodman, 2019 U.S. Dist. LEXIS 78038 (S.D. Fla. Jan. 16, 2019).
[10] <u>Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.</u>, 250 F. Supp. 2d 1357 (M.D. Fla. 2003).
[11] <u>Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.</u>, 362 F.3d 1317 (11th Cir. 2004).

20897-CIV, 2008 U.S. Dist. LEXIS 131185 (S.D. Fla. Apr. 21, 2008), to support its position, however, that case does not hold that an award cannot be confirmed. And, the Southern District has since confirmed numerous appraisal awards.[12]

> **III. No Further Discovery or Proceedings are Necessary as the Appraisal Award Includes Amounts Only Associated with Hurricane Irma, Which is Covered Under the Policy, the Award is Self-Explanatory as to Reductions for the Prior Payment and Deductibles, None of Defendant's Defenses are Viable, and Plaintiff's Existing Complaint is Sufficient**

> **a. It is Undisputed that Coverage Exists for the Items in the Award**

It is undisputed that the policy covers damage caused by hurricanes. And, the award form, which was agreed to by the parties, states, in part "We have conducted an assessment of the amount of the loss sustained due to or related to hurricane Irma . . . [t]he amount of loss related to hurricane Irma only is determined as follows:" See Award attached as Exhibit "C." Because the award includes costs only associated with a covered cause of loss (Hurricane Irma), no further discovery or proceedings are necessary.

> **b. The Face of the Award is Self-Explanatory as to Reductions for the Prior Payment and Deductibles**

The agreed award form states, in part "[a]pplicable prior payment(s) and deductible(s) will be subtracted from the above amounts by the parties." As such,

---

[12] See Sec. Gulfstream Garden Condo. v. QBE Ins. Corp., No. 06-61896-CIV-MARTINEZ-BROWN, 2009 U.S. Dist. LEXIS 144976 (S.D. Fla. Apr. 30, 2009); Nationwide Mut. Fire Ins. Co. v. Francisco, No. 2:08-CV-277-FtM-36SPC, 2010 U.S. Dist. LEXIS 149378 (M.D. Fla. Mar. 30, 2010); Sands on the Ocean Condo. Ass'n v. QBE Ins. Corp., No. 05-14362-CIV-MARRA, 2012 U.S. Dist. LEXIS 177380 (S.D. Fla. Dec. 13, 2012); Charlevoix Equity Partners Intl., Inc. v. AIG Prop. Cas. Co., No. 16-24764-Civ-Scola, 2018 U.S. Dist. LEXIS 135238 (S.D. Fla. Aug. 10, 2018); Guzman v. Am. Sec. Ins. Co., No. 18-cv-61195-BLOOM/Valle, 377 F. Supp. 3d 1362 (S.D. Fla. 2019); and Almeria Park Condo. Ass'n v. Empire Indem. Ins. Co., No. 18-20609-CIV-ALTONAGA/Goodman, 2019 U.S. Dist. LEXIS 78038 (S.D. Fla. Jan. 16, 2019).

no further discovery or proceedings are necessary to address these issues.

### c. None of Defendant's Defenses are Viable

#### 1. Defendant's First Defense

This defense is based on post-loss conditions. <u>U.S. Fid. & Guar. Co. v. Romay</u>, 744 So. 2d 467 (Fla. 3d DCA 1999) held that an insured must comply with post-loss conditions before appraisal because such conditions provide information that allows an insurer to determine if a dispute exists as to the amount of loss such that appraisal is appropriate. Because the parties **agreed** to appraisal, post-loss conditions have no application here. **Moreover, in paragraph 7 of the appraisal agreement, Defendant waived this defense.** <u>See</u> Doc. S-59.

#### 2. Defendant's Second and Fourth Defenses

These defenses relate to issues of causation, which were determined in appraisal. To suggest that the Defendant and/or the Court can re-visit these issues is completely contrary to Florida law[13] and thus without merit.

#### 3. Defendant's Third Defense

This defense suggests that Plaintiff's lawsuit was prematurely filed. However, no post-loss conditions existed when suit was filed. Rather, Defendant made additional requests only after Plaintiff filed suit, then Defendant abandoned that position when entering into the appraisal agreement. Moreover, paragraph 7 of the appraisal agreement renders this defense entirely moot. <u>See</u> Doc. S-59.

#### 4. Defendant's Fifth Defense

---

[13] **In determining the amount of the loss, the appraisal panel can decide issues of causation** (<u>Johnson v. Nationwide Mut. Ins. Co.</u>, 828 So. 2d 1021 (Fla. 2002).

8

This defense is not an affirmative defense and it is contrary to Florida law as an appraisal clause can be invoked after litigation has commenced.[14] Additionally, the appraisal agreement renders this defense entirely moot.

### 5. Defendant's Sixth Defense

This defense is not a valid defense as it fails to allege any facts whatsoever.[15]

### 6. Defendant's Seventh Defense

This defense relates to ordinance or law. Because the panel awarded $0.00 for ordinance or law, this defense is entirely irrelevant. Moreover, this Honorable Court previously addressed this issue in favor of the Plaintiff.[16]

### d. No Supplemental Pleadings are Necessary

Defendant suggests Plaintiff should be required to amend its pleadings to allege Defendant's breach for failing to pay the appraisal award.[17] However, nothing has changed that would justify supplemental pleadings. Plaintiff alleged in the Complaint that Defendant "materially breached the Policy by . . . refusing to provide sufficient compensation for damages to the Property as due under the Policy . . . " The fact that Defendant failed to pay the award has not changed the fact that Defendant hasn't provided sufficient compensation to Plaintiff's as

---

[14] See Florida Ins. Guar. Ass'n, Inc. v. Castilla, 18 So. 3d 703, 705 (Fla. 4th DCA 2009); See also Coral Reef Metro, LLC v. Scottsdale Ins. Co., No. 2:18-cv-460-FtM-38CM, 2019 U.S. Dist. LEXIS 27594 (M.D. Fla. Jan. 30, 2019); Waterford Condo. Ass'n of Collier County, Inc. v. Empire Indem. Ins. Co., 2:19-CV-81-FTM-38NPM, 2019 WL 3852731 (M.D. Fla. Aug. 16, 2019), reconsideration denied, 2:19-CV-81-FTM-38NPM, 2019 WL 4861196 (M.D. Fla. Oct. 2, 2019).

[15] See Microsoft Corp. v. Jesse's Computs. & Repair, 211 F.R.D. 681, 684 (M.D. Fla. 2002).

[16] See Mont Claire at Pelican Marsh Condo. Ass'n v. Empire Indem. Ins. Co., No. 2:19-cv-601-SPC-MRM, 2021 U.S. Dist. LEXIS 142298, at *18 (M.D. Fla. May 24, 2021) and Mont Claire at Pelican Marsh Condo. Ass'n v. Empire Indem. Ins. Co., No. 2:19-cv-601-SPC-MRM, 2021 U.S. Dist. LEXIS 141563, at *3 (M.D. Fla. July 29, 2021).

[17] Defendant makes this argument because it has no legal grounds to amend its defenses and if Plaintiff supplements its pleadings, Defendant would likely assert new defenses.

originally pled. As such, the existing Complaint is sufficient.[18]

### e. Discovery Is Unnecessary

**Although Defendant has made no effort whatsoever to initiate discovery since the award was issued 373 days ago, Defendant now wants to engage in extensive discovery.** This proposed discovery is without merit as Defendant has no viable defenses. Moreover, the issues Defendant intends to seek discovery on include issues that have already been determined by this Court (ordinance or law), issues that have already been determined by the panel (amount of loss) or conceded by the Defendant (post-loss conditions), and issues that Defendant has no proof of, which would lead to an impermissible fishing expedition (whether the award was procured through irregularity, unfairness, or fraud, or whether Plaintiff's estimate was inflated). Additionally, Defendant intends to seek discovery on the appraisal panel, which is prohibited by Florida law.[19]

**This belated effort to engage in discovery is made in bad faith for the sole purpose of delay and will result in a waste of judicial resources. Simply put, it is an abuse of the discovery process.** And, it is inconsistent with the purpose of appraisal to efficiently resolve insurance claims and minimize litigation, and the binding nature of the appraisal provision in the policy. If every insurer engaged in the games Defendant is playing, it would render the appraisal process useless, and the policies containing such provisions illusory as to that provision.

---

[18] See Michaelesco v. United States, 410 B.R. 129 (D. Conn. 2009)(holding that supplemental pleadings were futile and thus unnecessary because the proposed amendments and supplemental information did not substantively alter the claims already set forth).
[19] See First Protective Ins. Co. v. Hess, 81 So. 3d 482 (Fla. 1st DCA 2011).

Respectfully submitted,

*/s/ Kurtis Jay Keefer*
KURTIS JAY KEEFER
Florida Bar No.: 0668011
GOEDE, DEBOEST & CROSS, PLLC
6609 Willow Park Drive, Suite 201
Naples, FL 34109
(239) 331-5100 – Telephone
(239) 260-7677 – Facsimile
kkeefer@gadclaw.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on the 5th day of November 2021, I electronically filed the foregoing with the Florida Courts E-Filing Portal which will send notice and a copy of the foregoing to: J. Pablo Caceres, Esq., Christian L. Gonzalez-Rivera, Esq., Butler Weihmuller Katz Craig LLP, 400 N. Ashley Drive, Suite 2300.

*/s/ Kurtis Jay Keefer*
KURTIS JAY KEEFER, ESQ.

11