UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONT CLAIRE AT PELICAN
MARSH CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                               Case No.:  2:19-cv-601-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Confirmation of Appraisal Award, filed on September 24, 2021. (Doc. 67). Defendant filed a response in opposition on October 22, 2021. (Doc. 72). With leave of the Court, (Doc. 75), Plaintiff filed a reply in further support of its motion, (Doc. 76). This matter is ripe for the Court's review. For the reasons set forth below, the Undersigned recommends that Plaintiff's Motion for Confirmation of Appraisal Award (Doc. 67) be **DENIED without prejudice**.

## BACKGROUND

This matter arises from an insurance dispute in which Plaintiff alleges that Defendant, its insurance policy issuer, failed to properly compensate Plaintiff after Hurricane Irma damaged Plaintiff's property. (*See* Doc. 3). On November 19, 2019, the parties jointly requested that the Court appoint a neutral umpire for appraisal and

stay the action pending the completion of the appraisal process. (Doc. 28). On February 10, 2020, the Court granted the requested relief. (Docs. 32, 33).

On November 3, 2020, the parties notified the Court that the umpire issued an appraisal award that became effective on October 27, 2020. (Doc. 41 at 1). On November 4, 2020, Defendant filed a Notice of Invalid Appraisal Award in Violation of the Parties' Separate Appraisal Agreement, (Doc. 42), and, on November 17, 2020, Defendant moved to set aside the award, (Doc. 44).

On May 24, 2021, the Undersigned issued a Report and Recommendation finding no reason to set aside or modify the appraisal award and recommending that the motion be denied. (Doc. 60). The presiding United States District Judge adopted the Report and Recommendation on July 29, 2021. (Doc. 63). The instant motion followed. (Doc. 67).

## THE PARTIES' ARGUMENTS

Plaintiff begins by summarizing the legal standards governing motions to confirm an appraisal award, arguing that confirmation of an appraisal award, pursuant to the Florida Arbitration Code, is appropriate when the award is issued after the commencement of litigation. (Doc. 67 at 3-5 (citations omitted)). Plaintiff contends that confirmation of the appraisal award is appropriate here because (1) "two members of the appraisal panel signed the appraisal [a]ward thus making the determination of the amount of the loss by the panel binding," (*id.* at 5), and (2) "none of Defendant's affirmative defenses preclude confirmation of the Award," (*id.* at 5-7). Additionally, Plaintiff contends that Defendant should not be permitted

2

to amend its affirmative defenses because the time to do so has expired and Defendant will be unable to show good cause for its failure to move timely. (*See id.* at 7-10).

In response, Defendant essentially asserts three arguments. First, Defendant contends that "appraisal awards cannot be confirmed" and that Defendant has not waived this issue. (Doc. 72 at 1, 6-14 (internal quotations omitted)). Defendant maintains that, as a result, Plaintiff must "establish entitlement to judgment through trial or summary judgment" and that Plaintiff has not done so in this case. (*Id.* at 1-2, 14-15). Second, Defendant argues that under Florida law, an appraisal award determines only the amount of loss – not what is owed – and that Defendant can, therefore, (1) apply coverage elements and (2) challenge certain legal aspects of the award. (*Id.* at 2, 15-17). Third, Defendant contends that Plaintiff does not request a specific judgment but rather "seeks to prevent the application of coverages that would affect the amounts payable for [the actual cash value] or [replacement cost value]." (*Id.* at 17-18). As an alternative argument, Defendant maintains that "[m]aterial discovery is still necessary" and, therefore, "neither the timing nor the record in this matter" are ripe for summary judgment. (*Id.* at 19).

By way of reply, Plaintiff first contends that appraisal awards can be confirmed and that both Florida and federal courts have confirmed awards. (*See* Doc. 76 at 5-7 (citations omitted)). Plaintiff next argues that confirmation of the appraisal award – without further discovery – is appropriate because (1) the award includes only costs associated with damage caused by Hurricane Irma, (*id.* at 7),

3

(2) the award facially reduces prior payments and deductibles from the award, (*id.*), (3) none of Defendant's defenses are viable, (*id.* at 8-9), and (4) Defendant has not provided sufficient compensation for the hurricane damage, (*see id.* at 9-10). Finally, Plaintiff asserts that additional discovery is unnecessary because the issues on which Defendant seeks to conduct discovery have already been determined by the Court or the appraisal panel, were waived by Defendant, or amount to a fishing expedition. (*Id.* at 10).

With these arguments in mind, the Undersigned considers the propriety of Plaintiff's request. Because the parties disagree on the preliminary issue of whether the Court can affirm an appraisal award, the Undersigned begins there.

## ANALYSIS

A federal court sitting in diversity applies the substantive law of the forum state – in this case, Florida. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 76 (1938). In determining state law, a court should look to the state's highest court for guidance. *See id*. Only when the highest state court has not spoken will the court consult intermediate state appellate courts. *See Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 177-78 (1940).

Although the Florida Supreme Court has held that when a party invokes a policy's appraisal provision, the appraisal proceedings should be conducted in accordance with the policy provisions rather than Florida's Arbitration Code, *Allstate Ins. Co. v. Suarez*, 833 So. 2d 762 (Fla. 2002), this Court has found that *Allstate*

4

*Insurance Company v. Suarez* did not "modify existing Florida law on confirmation of appraisal awards," *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 250 F. Supp. 2d 1357, 1361 (M.D. Fla. 2003), *aff'd,* 362 F.3d 1317 (11th Cir. 2004).  Instead, as the Court explained in *Three Palms Pointe, Inc. v. State Farm Fire & Casualty Company*, "[t]he Florida Supreme Court [merely] held that the appraisal clause in [*Suarez*] . . . was not ambiguous and did not require the formal procedures of Florida's Arbitration Code to reach a binding award." *Id.* (citing *Suarez*, 833 So. 2d at 766). Indeed, despite its holding, the Florida Supreme Court ultimately confirmed the appraisal award in *Suarez*.  *Suarez*, 833 So. 2d at 766.

      Following the state Supreme Court's lead, the Court in *Three Palms Pointe* applied Florida's Arbitration Code to confirm the appraisal award.  *See Three Palms Pointe*, 250 F. Supp. 2d at 1362-63.  In so doing, the Court expressly found that "[t]here has been no change in law with *Suarez*, and Florida courts have repeatedly recognized confirmation of appraisal awards under the procedure contained in Florida's Arbitration Code." *Id.*  Likewise, federal courts have continued to apply Florida's Arbitration Code when determining whether to confirm or vacate appraisal awards.  *See, e.g.*, *Muckenfuss v. Hanover Ins. Co.*, No. 5:05-cv-261-Oc-10GRJ, 2007 WL 1174098, at *2 (M.D. Fla. Apr. 18, 2007) (relying on *Three Palms Pointe* to find that a plaintiff may move under Florida's Arbitration Code to confirm the appraisal award); (*see also* Docs. 60, 63 (applying Florida's Arbitration Code to determine whether the appraisal award should be vacated)).

5

Because jurists within the Eleventh Circuit continue to apply Fla. Stat. § 682.13 to motions to confirm or vacate appraisal awards and the Eleventh Circuit affirmed the district court's decision in *Three Palms Pointe*, the Undersigned finds that the Court has the authority to confirm an appraisal award under Fla. Stat. § 682.13. As a result, the Undersigned finds that Florida's Arbitration Code applies to the instant motion.

Yet, the inquiry does not end there. Rather, Defendant also argues that confirmation of the award is inappropriate here because there has been no dispositive ruling on the affirmative defenses. (*See* Doc. 72 at 14-19). Put differently, Defendant argues that because appraisal only addresses the amount of the loss and not what is actually owed, the motion is premature at this time. (*See id.* at 2). In that regard, Defendant maintains that it may yet "apply coverage to elements of the appraisal award" or "challenge certain legal aspects of the award as contrary to Florida law." (*Id.*). Plaintiff disagrees, arguing that Defendant's affirmative defenses are inapplicable because the parties agreed to appraisal. (*See* Doc. 67 at 5-10; Doc. 76 at 8-10).

Thus, the parties disagree as to what defenses, if any, an insurer may assert following the issuance of an appraisal award. Put differently, a question remains as to whether an insurance company, having admitted that the loss at issue is covered, can "quibbl[e]" as to the amount of that loss following an appraisal award. *See*

6

*Muckenfuss*, 2007 WL 1174098, at *3-4.[1] At the heart of this question is the Florida Supreme Court's decision in *State Farm Fire & Casualty Company v. Licea,* 685 So. 2d 1285 (Fla. 1996), which held that if an insurer and an insured party go to appraisal, the insurer can only dispute coverage for the "loss as a whole." *Licea*, 685 So. 2d at 1288.

Since the Florida Supreme Court's decision in *Licea* was issued, a split of authority as to the effect of this holding on the relevant issue—*i.e.*, whether an insurer is limited in the defenses that it may assert following an appraisal award—has arisen. *See Muckenfuss*, 2007 WL 1174098, at *3 (discussing the split of authority). On one hand, the Eleventh Circuit has found that Florida law on this issue is clear: "if an insurer and an insured party go to appraisal, the insurer can only dispute coverage for 'loss as a whole.'" *Three Palms Pointe*, 362 F.3d at 1317 (quoting *Licea,* 685 So.2d at 1288). On the other hand, Florida's Second District Court of Appeal ("DCA") has held that "[b]ased on the controlling principles articulated in *Licea*, . . . the submission of the claim to appraisal does not foreclose [the insurer] from challenging an element of loss as not being covered by the policy." *Liberty Am. Ins. Co. v. Kennedy*, 890 So. 2d 539, 541-42 (Fla. 2d DCA 2005). Thus, under the Second DCA's interpretation, "[o]nly if a court determines that coverage exists for that element of loss will the amount of appraisal for that element . . . be binding on [the

---

[1] The Undersigned clarifies that an insurer's admission of coverage of the loss, which is a pre-requisite to appraisal, does not equate to an admission that an insurer is liable for a particular element of loss.

7

insurer]." *Id.* In reaching this conclusion, the Second DCA specifically considered the Eleventh Circuit's decision in *Three Palms Pointe* but found that the Eleventh Circuit misinterpreted the law. *Id.* at 541.

Thus, as it has been previously with regard to this issue, "the Court is faced with [an] on-point decision[] of the Florida Supreme Court, and conflicting interpretations of th[at] decision[] by the Eleventh Circuit and Florida's Second District Court of Appeal." *See Muckenfuss*, 2007 WL 1174098, at *3. Because the Florida Supreme Court has addressed the issue of what defenses may be asserted following an appraisal, however, the Court is bound to follow the Eleventh Circuit's interpretation of the law.² *See Muckenfuss*, 2007 WL 1174098, at *3; *see also*

---

² Had the Florida Supreme Court not spoken directly on the issue, the Court would be bound to follow the decisions of Florida's appellate courts, unless there was some persuasive indication that the Supreme Court would decide the issue differently. *Muckenfuss*, 2007 WL 1174098, at *3 (citing *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002)). For the reasons discussed in *Muckenfuss v. Hanover Insurance Company*, No. 5:05-cv-261-Oc-10GRJ, 2007 WL 1174098 (M.D. Fla. Apr. 18, 2007), however, the Undersigned finds that the Florida Supreme Court's holding is on-point and the Eleventh Circuit's interpretation of the holding is, therefore, binding. *Id.*

Even still, the Undersigned is aware of the decision in *Florida Gaming Corporation v. Affiliated FM Insurance Company*, No. 07-20897-CIV, 2008 WL 11407210, at *1 n.1 (S.D. Fla. Apr. 21, 2008), which reached the opposite conclusion and found that the Second DCA's decision in *Liberty American Insurance Company v. Kennedy*, 890 So. 2d 539 (Fla. 2d DCA 2005) constituted binding precedent. *See Florida Gaming Corp.*, 2008 WL 11407210, at *1 n.1. Although the Undersigned shares the concern that limiting the defenses a defendant may assert following appraisal risks invalidating certain aspects of the insurance contract, *see id.*, the Undersigned nonetheless finds that the Court is bound to follow the Eleventh Circuit's precedent, *see Porcelli v. Onebeacon Ins. Co.*, No. 2:02-cv-303-FtM-33DNF, 2005 WL 8167633, at *3 (M.D. Fla. Sept. 20, 2005) (recognizing the persuasiveness of the reasoning in *Kennedy* but

8

*Cooperman v. Fireman's Fund Ins. Co.*, No. 6:11-cv-993-Orl-31DAB, 2011 WL 13298736, at *3 n.2 (M.D. Fla. Nov. 16, 2011); *Nationwide Mut. Fire Ins. Co. v. Francisco*, No. 2:08-cv-277-FtM-36SPC, 2010 WL 11508172, at *4 (M.D. Fla. Mar. 30, 2010); *Royal Marco Point 1 Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-16-FtM-34SPC, 2008 WL 4194792, at *2 (M.D. Fla. Aug. 8, 2008), *report and recommendation adopted in relevant part, rejected in part on other grounds*, 2008 WL 4194807 (M.D. Fla. Sept. 10, 2008).[3] As a result, the Undersigned is left to conclude that "once an [appraisal] award has been made, the only defenses that remain for the insurer to assert are lack of coverage for the entire claim, or violation of one of the standard policy conditions (fraud, lack of notice, failure to cooperate, etc.)." *Three Palms Pointe,* 362 F.3d at 1319.

Because the parties agreed to appraisal in this action, (*see* Docs. 28, 32, 33), and an appraisal award was issued, (*see* Doc. 67-1), Defendant may only rely on its

---

finding that the Court must restrict a defendant insurance company to only "whole loss" defenses).

[3] The Undersigned notes that jurists in the United States District Court for the Southern District of Florida have reached the opposite conclusion when the appraisal award clarifies that it was made "without any consideration of the deductible amount or prior payments issued to the insured or any terms, conditions, provisions or exclusions" or includes other similar language. *See Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 05-14362-CIV, 2009 WL 790120, at *1 (S.D. Fla. Mar. 24, 2009); *see also, e.g., Ford v. Am. Sec. Ins. Co.*, No. 1:19-CV-20223-JLK, 2019 WL 6609239, at *3 (S.D. Fla. Dec. 5, 2019). Because the award here includes no language suggesting that it was made subject to or without consideration of any terms, conditions, provisions, or exclusions of the policy, (*see* Doc. 67-1 at 22 (noting only that prior payments and deductibles will be subtracted from the award)), the Undersigned finds these cases distinguishable.

defenses to the extent that they assert a lack of coverage as a whole or a violation of one of the standard policy conditions, *see Muckenfuss*, 2007 WL 1174098, at *4. Thus, the Undersigned considers Defendant's affirmative defenses to determine whether Defendant may assert any properly pleaded defenses at this time. (*See* Doc. 27 at 3-7).

Upon review of the defenses, the Undersigned finds that Defendant may only invoke its first and sixth affirmative defenses. (*See id.* at 3-7). In that regard, the first affirmative defense applies to coverage as a whole by asserting that under the policy, any legal action against Defendant, which would effectively include judgment, is precluded. (*See id.* at 3-5). The sixth affirmative defense pleads and invokes all policy limitations, (*see id.* at 6), which this Court has found to be an appropriate defense following an appraisal, *see Three Palms Pointe*, 250 F. Supp. 2d at 1362 (noting that after an insured moves to confirm the appraisal award, "the insurer may assert as an affirmative defense lack of coverage, policy limits, or a violation of policy conditions such as fraud, lack of notice, or failure to cooperate"), *aff'd,* 362 F.3d 1317.

Tellingly, Plaintiff appears to concede the propriety of a policy limitations defense by arguing only that Defendant failed to properly plead the defense, rather than arguing that the defense is moot. (*See* Doc. 67 at 6-7; Doc. 76 at 9). Regardless, the Undersigned finds Plaintiff's argument meritless. Given that Plaintiff failed to move to strike the sixth affirmative defense or otherwise move for a more specific statement and because Plaintiff – as a party to the underlying insurance contract –

10

was aware of the policy limitations contained therein, the Undersigned finds that Plaintiff was properly on notice of the grounds of the affirmative defense. *See Williamceau v. Dyck-O'Neal, Inc.*, No. 2:16-cv-855-FtM-29CM, 2017 WL 2544872, at *1 (M.D. Fla. June 13, 2017) (noting that an affirmative defense must provide facts sufficient "to provide the plaintiff fair notice of the grounds upon which the defense rests"). Thus, the Undersigned finds that the sixth affirmative defense was sufficiently pleaded and may now be asserted.

As to the remaining defenses, (*see* Doc. 27 at 3-7), the Undersigned finds that Defendant may not rely on them because none asserts an appropriate post-appraisal award defense—*i.e.*, "lack of coverage, policy limits, or a violation of policy conditions such as fraud, lack of notice, or failure to cooperate," *see Three Palms Pointe*, 250 F. Supp. 2d at 1362. While the Undersigned recognizes the persuasive policy considerations articulated by Defendant as well as Florida's Second DCA, the Undersigned nonetheless finds the Court to be bound to follow the "whole loss" defense limitation set forth by the Florida Supreme Court in *Licea*. *See Porcelli v. Onebeacon Ins. Co.*, No. 2:02-cv-303-FtM33DNF, 2005 WL 8167633, at *3 (M.D. Fla. Sept. 20, 2005) (recognizing the persuasiveness of *Kennedy* but ultimately finding that "the Court must accept the plain meaning of the Florida Supreme Court's decision in *Licea*").

Nevertheless, because the Undersigned finds that Defendant may properly assert its first and sixth affirmative defenses, the Undersigned finds that confirmation

of the appraisal award is premature at this time. Accordingly, the Undersigned recommends that the motion be denied without prejudice.

Furthermore, to help the Court narrow the remaining issues, the Undersigned recommends that, within twenty-one (21) days of the presiding United States District Judge's Order on the instant motion, the parties be required to file a joint notice (1) addressing whether additional discovery is necessary to adjudicate the first and sixth affirmative defenses and (2) proposing deadlines for any discovery or motions for summary judgment on the first and sixth affirmative defenses. Given the procedural posture of the case, including that the case remains stayed, the Undersigned also recommends that the case be administratively closed until the parties file the joint notice, at which time the Undersigned recommends the case be re-opened and un-stayed.

Finally, because the Undersigned's duty station has transferred to the Tampa Division of the Middle District of Florida, the Undersigned recommends that the case be re-assigned to a United States Magistrate Judge sitting in the Fort Myers Division of the Middle District of Florida.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Motion for Confirmation of Appraisal Award (Doc. 67) be **DENIED without prejudice**;

2. Within twenty-one (21) days of the presiding United States District Judge's Order on the instant motion, the parties be required to file a

joint notice (1) addressing whether additional discovery is necessary to adjudicate the first and sixth affirmative defenses and (2) proposing deadlines for any discovery or motions for summary judgment on the first and sixth affirmative defenses;

3. The case be re-assigned to a United States Magistrate Judge sitting in the Fort Myers Division of the Middle District of Florida; and

4. The Clerk of Court be directed to administratively close the case until the parties file the joint notice.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on August 11, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to

13

respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties