UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONT CLAIRE AT PELICAN
MARSH CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                       Case No.:  2:19-cv-601-SPC-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

# **ORDER**

This is an insurance dispute with a lengthy history, most of which is irrelevant for the pending matter. These are the essential facts. Plaintiff Mont Claire at Pelican Marsh Condominium Association, Inc. sues Defendant Empire Indemnity Insurance Company because Empire won't pay on their insurance contract. (Doc. 3.) Shortly after the pleadings closed, the parties asked to go to appraisal. The Court readily acquiesced and stayed the case. (Doc. 33.)

Unfortunately, the parties' spirit of cooperation was short lived. The ensuing appraisal award spawned several motions. First, Empire moved to set aside the award on grounds the appraisal panel exceeded its authority. (Doc.

43.) The Court rejected those arguments. (Doc. 60, Doc. 63.) Mont Claire took that rebuke as an invitation to file its own motion to confirm the appraisal award. (Doc. 67.) The Court rejected those arguments too. (Doc. 77, Doc. 78.)

At issue now is how the case should proceed. In its order declining to confirm the appraisal award, the Court explained that Empire's first and sixth affirmative defenses remain to be decided. (*See* Doc. 77 at 11.) The Court thus directed the parties to file a joint notice addressing "whether more discovery is needed to adjudicate the first and sixth affirmative defenses; [and] propose deadlines for discovery or motions for summary judgment [on these] defenses." (Doc. 78 at 3.)[1] The parties have filed their notice, and keeping on theme, they wholly disagree. (*See* Doc. 80.)

Mont Claire takes a strong position, claiming Empire waived the affirmative defenses. Thus, in its view, no discovery is needed. (Doc. 80 at 2.) Although not entirely clear, Mont Claire seemingly suggests the Court should simply declare it the winner. After all, those defenses are all that stopped the Court from approving the appraisal award. (*See* Doc. 77 at 11-12.)

Empire disagrees that waiver is at issue. It claims the Court already rejected "waiver and other arguments on the merits." (Doc. 80 at 3.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

As appealing as it may be to shorten this case, there are three problems with Mont Claire's argument. First, it asserts a substantive claim—*i.e.*, waiver—that is properly raised by dispositive motion and not through a notice. Second, waiver itself is fact-intensive and thus would ostensibly require discovery. *See, e.g.*, *Phoenix Ins. Co. v. Ross Jewelers, Inc.*, 362 F.2d 985, 988 (5th Cir. 1966). And finally, the Court has already determined that the first and sixth affirmative defenses require adjudication. The joint notice was not an invitation for Mont Claire to assert merit-based attacks on the affirmative defenses that could have (and should have) been raised before. As Empire correctly points out, "[t]he only issue to be briefed is whether discovery is needed and its duration, not whether the [affirmative defenses are] viable." (Doc. 80 at 3.)

It's obvious that some discovery is needed. Even limiting the case to the waiver issue, as Mont Claire wants, there has been no fact-finding on that subject. The pertinent question, then, is how much discovery the Court should allow.

Neither side offers much help on that score. There is no discussion about the discovery already done, leaving the Court without context to gauge what remains. (*See* Doc. 80.) The parties, instead, offer competing schedules with little explanation. From Mont Claire: discovery should be limited to an "informal discussion and exchange of documents between counsel" and it "must

3

be completed in 60 days." (*Id.* at 3, 6.) From Empire: "Empire has not been able to conduct meaningful discovery in an ordinary fashion due to Mont Claire's persistent opposition since the suit begun. . . . Empire [thus] requests a period of at least 140 days . . . to conduct the written and other discovery it is entitled to pursue in this matter." (*Id.* at 7.)

The Federal Rules of Civil Procedure favor a full and broad scope of discovery whenever possible. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."). This approach furthers the strong policy that disputes be resolved on the merits rather than the maneuvering of counsel in discovery. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Mont Claire has not done enough to override these principles and cabin discovery in the manner it seeks. The better approach, in the Court's view, is to give Empire the time it allegedly needs to litigate the remaining affirmative defenses. Disagreements about the scope of any ensuing discovery can be addressed through motions practice.

Accordingly, it is now ORDERED

1. The Clerk is directed to lift the stay and administrative closure;
2. Discovery is reopened for 140 days from this order;

3.  A new case management and scheduling order will follow by separate order.

**ENTERED** in Fort Myers, Florida this October 13, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

5