UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONT CLAIRE AT PELICAN
MARSH CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                                Case No.:  2:19-cv-601-SPC-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

Before the Court is Defendant Empire Indemnity Insurance Company's Motion to Reopen Discovery. (Doc. 102.)[1] Plaintiff Mont Claire Condominium Association has responded (Doc. 107), making this matter ripe. For the reasons below, Empire's motion is denied.

**I. Background**

This is an insurance dispute. Mont Claire alleges it submitted a property damage claim to its insurer, Empire, following Hurricane Irma. Empire refused to pay, and so this suit for breach of contract followed. (Doc. 3.) Mont

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Claire's complaint also seeks to compel appraisal under the insurance policy. (*Id.* at 4.)

The issues have narrowed considerably since Mont Claire filed suit. This is primarily because the parties agreed to appraisal. (Doc. 28.) The Court has also addressed several motions regarding the ensuing appraisal award. (Doc. 60, Doc. 77.) As a result, all that remains for adjudication are a few of Empire's affirmative defenses that challenge "coverage as a whole." (*See* Doc. 77 at 10.)

To facilitate resolution of these remaining defenses, the Court entered a new scheduling order. (Doc. 82.) Pertinent here, it gave Empire nearly five months to conduct discovery—from October 13, 2022, to March 13, 2023. Neither party objected to this timeline, nor argued that the outstanding issues demanded more time.

The Court heard almost nothing from the parties after entering the new scheduling order. Then, several days after discovery closed, Empire moved for another week to respond to outstanding document requests. (Doc. 89.) Mont Claire did not object, so the discovery period was extended. (Doc. 92.)

Empire's motion sheds some light on what was happening with discovery outside the Court's watch. The short answer is very little. Empire did not seek discovery from Mont Claire until January 23, 2023. (Doc. 89 ¶¶ 2-3.) Meaning, as best the Court can tell, Empire sat on its hands for the first three months of discovery. For those who like numbers, that's 60% of the discovery period.

2

Discovery officially closed on March 23, 2023. Several days later, however, non-party Venture Construction Group of Florida, Inc. moved for a protective order against a subpoena issued by Empire. (Doc 97.) For background, Venture is the general contractor who prepared "the $16 million estimate" that Mont Claire presented at appraisal. (Doc. 102 at 2.) So Empire has been aware of Venture's role since at least 2020, when the appraisal award was issued. (*See* Doc. 43.)

Empire reached an agreement with Venture regarding the protective order, and thus the Court never addressed the merits. But relevant here is the timeline revealed in Venture's motion. Empire did not issue the subpoena to Venture until March 3, 2023. (Doc. 97 at 1.) That's a mere ten days before the original discovery cutoff. (*See* Doc. 82.)

That all brings us to this motion. Empire seeks to reopen discovery because it "recently obtained information that supports its concerns about legitimacy of the appraisal process." (Doc. 102 at 1.) According to Empire, documents from Mont Claire show that Venture "created a roof replacement estimate of around $4.2 million that . . . was presented [at appraisal]." (*Id*. at 3.) Yet, Venture had received "a roof replacement bid (not an estimate) of $1.9 million from a subcontractor . . . and then entered into a contract with that subcontractor." (*Id*.) This means Venture "stands to gain a huge windfall" from the appraisal award. And thus, according to Empire, Venture "had every

3

financial motive to inflate the estimate used in appraisal far above what it knew it would replace the roofs for." (*Id.*) Put simply, "Empire has . . . concerns about the fairness of the entire appraisal process and what appears to be evidence of collusion and impropriety in using the appraisal process as a vehicle for the pure financial windfall of Venture and others." (*Id.* at 4.)

## II. Standard of Review

When a party seeks to revive an expired case management deadline, as here, Federal Rule of Civil Procedure 16 controls. *See, e.g.*, *Est. of Reed v. Nat'l Specialty Ins. Co.*, No. 19-23178-CIV, 2020 WL 5547922, at *4 (S.D. Fla. July 29, 2020). Rule 16 commands the district court to issue a scheduling order that "limit[s] the time to . . . complete discovery." Fed. R. Civ. P. 16(b)(3)(A). Once such an order has been issued, the "schedule may be modified only for good cause." *Id.* at (b)(4).

Rule 16's "good cause standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with the court's scheduling order." *Nolen v. Wyndham Vacation Resorts, Inc.*, No. 6:20-CV-330-ORL-40-EJK, 2020 WL 9171962, at *1 (M.D. Fla. May 27, 2020). Put simply, Rule 16 "precludes modification unless the schedule [could not have been] met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also Nolen*, 2020 WL 9171962, at *1 ("[L]itigants cannot

4

be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.").

### III. Discussion

As noted, diligence is the key here. "If [a] party was not diligent, the [good cause] inquiry" ends. *Yergey v. Brinker Fla., Inc.*, No. 6:20-CV-917-ORL-37-LRH, 2021 WL 3729254, at *5 (M.D. Fla. Jan. 28, 2021). Despite reciting this standard, Empire does little to show it was diligent. Empire's only real argument is that it "recently received" documents and testimony that revealed discrepancies between Venture's appraisal estimate and what was actually spent for repairs. (Doc. 102 at 16.) But this doesn't address diligence. What matters is not when Empire was alerted to the issue it now wants to investigate, but whether Empire could have unearthed these facts before the discovery deadline. *Belcher v. Grand Rsrv. MGM, LLC*, No. 2:15-CV-834-WKW, 2016 WL 11655653, at *1 (M.D. Ala. Dec. 22, 2016); *see also Williams v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09CV225/MCR/MD, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010) ("[T]he moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline.").

As framed by Empire, it seeks more discovery "to obtain documents from Venture and depose its corporate representative(s) about issues concerning the

5

work Venture and its subcontractors performed at Mont Claire." (Doc. 102 at 15.) But by all appearances, Empire had sufficient time to conduct this discovery before the cutoff. This is not a case where Venture's role was unknown or only disclosed at the end of discovery. Empire knew that Venture was Mont Claire's general contractor as far back as 2020. Empire also knew Venture had "prepared the $16 million estimate presented to the umpire, which resulted in [the appraisal] award signed by the umpire." (Doc. 102 at 2.) Yet, when the Court reopened discovery, Empire did not seek information from Mont Claire or Venture for over three months. Its decision to wait until the eleventh-hour before pursing discovery about the appraisal process can be viewed only as a lack of diligence.

The barrier facing Empire is simple—there is nothing to suggest the information it wants to belatedly pursue from Venture was unavailable or could not be obtained during the initial discovery period. This undermines good cause. *See Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007) (finding no good cause to allow an amended pleading when the plaintiff failed to "indicate . . . what facts supported the [amendment], and why those facts previously were undiscoverable").

There is another problem for Empire. Even if you overlook its decision to burn three months of the discovery period, it learned about the discrepancies with Venture's appraisal estimate on March 12, 2023. (Doc. 102 ¶ 3.) Yet

6

Empire did nothing at that point either; instead waiting another three weeks before seeking relief. Empire's inaction when confronted with evidence that allegedly shows it "is not responsible for paying the entire Appraisal Award" is inexplicable. *See In re Accutane Prod. Liab. Litig.*, 923 F. Supp. 2d 1349, 1352 (M.D. Fla. 2013) (finding "inexcusable" the movant's delay "of another month and a half after" learning of the need to request an extension).

The Court knows that its decision may effectively preclude Empire from pursuing evidence that could undermine the appraisal award.[2] But the rules are the rules, and the facts are the facts. Empire's conduct in this case does not exhibit the sort of diligence required by Rule 16(b)(4). That ends the matter. *See, e.g.*, *Kauffman v. Trans High Corp.*, No. 3:20-CV-17-MMH-JBT, 2022 WL 18492517, at *3 (M.D. Fla. Jan. 27, 2022); *Williams*, 2010 WL 3419720, at *2.

Accordingly, it is now **ORDERED**:

Defendant Empire Indemnity Insurance Company's Motion to Reopen Discovery (Doc. 102) is **DENIED**.

**ENTERED** in Fort Myers, Florida on April 24, 2023.

---

[2] For what it's worth, Mont Claire presents a persuasive argument that the discovery Empire seeks is irrelevant anyway since it goes towards the accuracy of the award. (*See* Doc. 107 at 8-12.)

7

                                        Kyle C. Dudek
                                        United States Magistrate Judge

Copies:  All Parties of Record