UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONT CLAIRE AT PELICAN
MARSH CONDOMINIUM
ASSOCIATION, INC.,

     Plaintiff,

v.                             Case No.:  2:19-cv-601-SPC-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

     Defendant.
                                  /

## **ORDER**

In this insurance action, the Court confirmed an appraisal award and entered judgment against Defendant Empire Indemnity Insurance Company. (Doc. 132, Doc. 151.)[1] Empire has appealed, and it now moves to stay execution of the judgment pending further review. (Doc. 155.) As required under Fed. R. Civ. P. 62, Empire's motion includes a surety "bond in the amount of $7,901,181.06, which represents 110% of the judgment as amended ($7,182,891.87 in principal plus $718,289.187 in interest)." (*Id.* at 3.)

Plaintiff Mont Claire at Pelican March Condominium Association, Inc. "has no objection to the propriety of a stay conceptually, or to the amount of

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

the proffered bond." (Doc. 156 at 1.) But it does challenge "the conditions of payment in the proffered bond." (*Id.* at 1.)

"[A]s part of the traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009). The Federal Rules of Civil Procedure specifically allow a party to "obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.*

Rule 62 does not specify what the bond can (or cannot) contain. Instead, it offers "flexibility for the form of security to protect the appellee." *Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2006-18 v. Cornish*, 759 F. App'x 503, 510 (7th Cir. 2019). The purpose of Rule 62 is to "secure the prevailing party against the risk that the judgment debtor will be unable to meet the obligations pending appeal." *Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2012); *see also Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986).

Here is what Empire's bond says about payment:

> Both the principal and the surety are bound to satisfy in full the amount of the amended judgment **if that judgment is affirmed on appeal**. In the event the amended judgment is reversed on appeal, then this obligation shall be null and void. In no event shall surety's

> liability exceed the total amount of $7,901,181.06 plus all accrued interest while the appeal is pending.
>
> **This Bond is written entirely without prejudice to any rights or defense Empire may have and it is not a waiver of any such rights or defenses, nor does it moot in any way Empire's pursuit of its appellate remedies.**

(Doc. 155-1 (emphasis added).) The bolded language is what's in dispute.

First, Mont Claire notes that "the surety is expressly obligated to pay only if the judgment is affirmed on appeal." (Doc. 156 at 4.) And this is problematic because Mont Claire could prevail without the judgment being affirmed. Thus, according to Mont Claire, the bond does not adequately protect its interest.

The Court agrees. As mentioned, the bond is meant to secure Empire's obligation if the judgment remains following appeal. And this can happen in several ways, not just "if the judgment is affirmed." For instance, Empire remains on the hook if the appeal is dismissed. But as written, the bond does not address that alternative outcome. Mont Claire "should not have to rely on an argument regarding the proper construction of surety contracts to be afforded relief" if it prevails on appeal. (Doc. 156 at 5.)

Second, Mont Claire argues the "reservation of rights" language should be removed. The Court again agrees. Empire does not waive any rights by submitting a bond under Rule 62. Just the opposite. Rule 62 is unconditional, and it presumes the judgment-debtor will pursue an appeal during the stay.

The language Empire has added to the bond only serves to cloud the surety's obligation, which is inconsistent with the Rule 62's goal of "protecting the non-appealing party's rights." *Prudential Ins. Co. of Am.*, 781 F.2d at 1498.

Accordingly, it is now **ORDERED**:

1.     Empire's Motion to Approve Civil Supersedeas Bond and Stay Execution of the Amended Judgment Pending Appeal (Doc. 155) is **DENIED WITHOUT PREJUDICE**.

2.     To secure a stay with the current bond, Empire must (1) include language that secures Mont Claire if it prevails on appeal no matter the form, and (2) remove the reservation of rights language.

**ENTERED** in Fort Myers, Florida on March 8, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4